UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

PINK GOOSE, (CAYMAN) LTD.,

**ECF CASE**

Plaintiff,

-against-

**08 Civ. 02351 (HB)**

SUNWAY TRADERS LLC,
SUNWAY GROUP, SUNWAY TRADING
GROUP LTD., SUNWAY GROUP
INTERNATIONAL HOLDINGS,
SUNWAY GROUP IMPORT, SUNWAY
LOGISTICS, and LINTON EQUITIES B.V.I.,

Defendants.
-----------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO VACATE MARITIME ATTACHMENT

Pursuant to Supplemental Rule E(4)(f) of the Federal Rules of Civil Procedure,

Defendant Sunway-Group Co. Ltd. ("Sunway-Group"), by and through its undersigned counsel,

Richard A. Zimmerman and Patrick C. Crilley, *of counsel,* respectfully submits this

Memorandum of Law in Support of its Motion to Vacate the attachment of its property unjustly

restrained in connection with the Court's Amended Order of Attachment issued on March 6,

2008, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims

of the Federal Rules of Civil Procedure ("Rule B").  As a result of the ex-parte Amended Order

of Attachment issued in this case, the Plaintiff, Pink Goose , (Cayman) Ltd. ("Pink Goose") has

restrained funds in the amount $987,706.86 in this district belonging exclusively to Sunway-

Group.

1

The attachment of Sunway-Groups funds should be vacated and the Verified Complaint dismissed because an action to confirm the London Arbitration award as a judgment of this Court is barred by statute and any claim on the arbitration award that plaintiff might bring in London to confirm the award to a judgment of the English court's is not an admiralty claim under English law, and thus not the subject of an admiralty claim as required under Rule B.

Furthermore, it has been held that the process of Rule B attachment was not intended to be a judgment collection tool and its use in this instance is an abuse of that process.

## STATEMENT OF FACTS

Upon information and belief, on or about July 4, 2001 Plaintiff as owner of the motor vessel M/V ARCTIC GOOSE, entered into a charter party with a Delaware limited liability company by the name of Sunway Traders LLC.[1] Disputes evidently arose under the charter party in respect of Sunway Traders LLC's failure to pay claimed sums for vessel demurrage and vessel detention claimed by the Plaintiff.

The charter party evidently called for London arbitration and the application of English law, and pursuant thereto, Plaintiff commenced London arbitration proceedings against Sunway Traders LLC, as charterers, and the cargo consignees Prodmix-Yug Ltd.   On August 7, 2002 the arbitrator made an award in Plaintiff's favor in the sums of $78,494.79 with respect to the claimed demurrage and $572,250.00 with respect to damages for detention.  Plaintiff was also awarded its costs and fees and Sunway Traders LLC and Prodmix-Yug Ltd. were ordered to pay

---

[1] Upon information and belief, and as best can be determined by review of Delaware corporate records available online, Sunway Traders LLC was dissolved by its members on or about April 16, 2003.  Plaintiff has brought this action against Sunway-Group and the other defendants based on "alter ego" and "successor in interest" theories of liability.  Sunway-Group denies any such alter ego or successor in interest liability and expressly reserves its rights to defend such claims at an appropriate time, limiting this motion to the valid maritime claim issue.

2

the arbitrators fees of Pds. Sterling 4,460.00[2]  Plaintiff, in its Verified Complaint, now requests

that this Court "recognize and confirm the arbitration award, or alternatively enforce any foreign

judgment confirming the arbitration award, rendered on the claims set forth herein as a Judgment

of this Court."

The plaintiff has attached funds in the amount $987,706.86 in this district belonging

exclusively to defendant Sunway-Group as those funds passed through several New York banks'

Electronic Funds Transfer System ("EFT").

## ARGUMENT

### Point I

### IT IS PLAINTIFF'S BURDEN TO SHOW CAUSE
### WHY THE ATTACHMENT SHOULD NOT BE VACATED

The Plaintiff in a maritime attachment action carries the burden at a post-attachment

hearing to prove *inter alia* that "it has a valid prima facie admiralty claim against the defendant."

See *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.,* 460 F.3d 434, 445 (2d Cir. 2006).

Supplemental Admiralty Rule E(4)(f) of the Federal Rules of Civil Procedure provides:

> Whenever property is arrested or attached, any person claiming an interest in it
> shall be entitled to a prompt hearing at which plaintiff shall be required to show
> why the arrest or attachment should not be vacated or other relief granted
> consistent with these rules.

*Aqua Stoli,* 460 F.3d at 445.

Thus, Pink Goose must prove that its attachment is proper.  The Second Circuit Court of

Appeals in commenting on plaintiff's burden held

---

[2]Defendant gleans these facts from the Verified Complaint and the attached London arbitration award, which for the
purposes of this motion are not disputed.

[I]n addition to having to meet the filing and service requirements of Rules B and E, an attachment should issue if the plaintiff shows that 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.

*Id.*

Plaintiff's action is deficient here as it fails to meet the forth requirements set forth by the Second Circuit in *Aqua Stoli;* its request to confirm the London arbitration award as a judgment of this Court is time barred by The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §207.

## POINT II

### PLAINITFF'S CLAIM IS TIME BARRED UNDER THE NEW YORK CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS

The United States is party to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified here as the as the Arbitration Act, 9 U.S.C. §201, et seq.,

9 U.S.C. §207, covering the confirmation as a judgment of a foreign arbitral award provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under the chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of the recognition or enforcement of the award specified in the said Convention.

The Second Circuit has clarified that the language in this section establishes a three year time bar for commencing the confirmation proceedings. *See Seetransport Wiking Trader*

4

*Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989
F.2d 572, 581, 1993 U.S. App. LEXIS 4968 (2d Cir. N.Y. 1993).

Plaintiff Pink Goose's admits in its complaint that the arbitration award against Sunway
Trading LLC was made on August 7, 2002, well over the three year time bar for bringing a
recognition and enforcement action under the Convention.  That claim is thus time barred.

## POINT III

### PLAINTIFF'S REMAINING OPTION TO OBTAIN A JUDGMENT ON THE AWARD IN LONDON IS NOT A CLAIM IN ADMIRALTY UNDER ENGLISH LAW AND THUS NOT THE PROPER BASIS FOR A RULE B ATTACHMENT

As noted above, the Second Circuit in *Aqua Stoli* ruled that the plaintiff must show it has
a prima facie admiralty claim against the defendant.  *Id., at 445.*  Had Pink Goose acted in a
timely manner after its receipt of the London arbitration award and moved to confirm that award
in this Court under the New York Convention, there is little doubt that the nature of the action
would not have lost its admiralty substance.  But instead, Pink Goose has sat on the award and is
time barred from bringing the action under the Convention.

Pink Goose's sole remaining option is to attempt to convert the award into a judgment in
London and then seek recognition of the London judgment here in New York, presumably under
New York's "Uniform Foreign Country Money-Judgments Recognition Act" N.Y. C.P.L.R.
Article 53.

Unfortunately for Pink Goose, this sole remaining course of action clearly moves the
claim out of the realm of the Court's admiralty jurisdiction, as the action in London on the
arbitration award is not an admiralty action.

5

We respectfully refer the Court to the Declaration of Anthony Robert Swinnerton, an English attorney, to take notice of English law pursuant to Rule 44.1 of the F.R. C. P.

As explained by Mr. Swinnerton, an action upon an arbitration award is not an admiralty action under English law. Thus the Court does not have subject matter jurisdiction over the claim as it is not an admiralty action.

The subject matter jurisdiction of the court must be affirmatively proven by the Plaintiff. The court may not infer subject matter jurisdiction. *See Shipping Financial Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (stating that "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.")

Application of English law to ascertain the nature of Pink Goose's sole remaining course of action to obtain an enforceable judgment in London is proper, as Plaintiff admits in its Verified Complaint that the parties agreed to the application of English law. As Pink Goose has lost its opportunity, through inexplicable delay, to assert a valid maritime claim in this action, the attachment should be vacated and the complaint dismissed.

## POINT IV

## RULE B ATTACHMENT WAS NOT INTENDED TO BE A JUDGMENT COLLECTION TOOL AND ITS USE IN THIS INSTANCE IS AN ABUSE OF THAT PROCESS

The Rule B attachment was not intended to be a judgment collection tool and its use in this instance is an abuse of that process, and, has been held as a contrary to New York law. The fact cannot be denied that Pink Goose has had an arbitration award against Sunway Trading LLC

6

since August 7, 2002. It has evidently done nothing to collect on this award. It now alleges,

some seven years after entering the Charter Party with Sunway Trading LLC, and more than five

years after that company was evidently dissolved, that Defendant Sunway-Group is an alter-ego

and commences this new action here in New York. It cannot be denied that this is nothing more

than a highly stylized judgment collection action.

In a recent decision in this District, involving an uncollected arbitration award,

allegations of alter-ego liability and the proposed use of an after-the- fact Rule B attachment, the

Honorable Naomi Reese Buchwald strongly lambasted the use of a Rule B attachment as a

collection tool. *See Stolt-Nielson v. Edible Oil Trading*, No. 06 Civ. 703 (NRB), 2008 U.S. Dist.

LEXIS 19787 (S.D.N.Y. March 7, 2008). Noting that Rule B attachments are normally

"prospective" in their application, Judge Buchwald stated

> Unsuccessful to date in collecting its arbitral award, petitioner believes Rule B to
> be the best way to pursue the assets of its "manipulative" opponent. See Pet. Br. 3.
> Accordingly, petitioner asks us to transform Rule B into a judgment collection
> spider's web, ready to ensnare any of respondents' assets that happen to pass by,
> whether today, next month, or next year. This was not the relief the court granted
> in Central Hudson and this is not contemplated by Rule B.

Id. at Lexis 8.

Inferring that the plaintiff's were attempting to use a Rule B attachment to end-

around New York States authorized collection procedures, the court ruled

> Significantly, petitioner's desired relief is contrary to New York law, which would
> otherwise govern petitioner's attempts to capture any funds respondents sent to
> New York. See Supp. R. of Certain Admiralty and Maritime Claims to Fed. R.
> Civ. P. B(1)(e) ("The plaintiff may invoke state-law remedies under Rule 64 for
> seizure of person or property for the purpose of securing satisfaction of the
> judgment."). New York CPLR § 5222(b) allows a restraining notice to be
> effective against a third-party only if that party presently possesses property or
> other assets of the debtor when the notice is filed. In other words, petitioner could
> not issue restraining notices to various banks directing them to seize respondents'
> money if and when it arrives.

7

*Id. at Lexis 8-9.*

In *Stolt-Nielson,* as in this instant case, a creative foreign plaintive was attempting to use a Rule B attachment as a collection tool for an outstanding arbitration award against a foreign defendants.   Plaintiff in our case, alleging alter-ego and successor liability for a group of companies that it knows well are substantial Russian companies with a ongoing business interest in St. Petersburg, Russia, have instead chosen to pursue the Sunway-Group Co. Ltd. here in New York, a jurisdiction and venue completely alien to all of the parties involved.   Faced with a similar situation in *Stolt-Nielson,* the court noted well, that

> Pursuing foreign defendants in their home countries is simply a cost of international business and we do not find it appropriate to stretch American admiralty rules and to distort the judgment collection procedures of New York state so that a Dutch company has a better chance of collecting from a Turkish company.

*Id. at* Lexis 10.

In summary, as stated above, the Plaintiff has let lapse its chance to enforce the award under the New York Convention; its remaining action on the award in London to obtain a judgment there is not an admiralty claim, accordingly the Plaintiff has no basis to sustain a Rule B attachment here in New York to attempt collection on a six year old arbitration award and its attempt to do so is contrary to New York law.

In the vent that Pink Goose does actually obtain a London Judgment, it is free to return to New York to enforce its judgment under New York C.P.L. R. Article 53.   In doing so, its remedies will be limited to New York collections law which generally prohibit the attachment of EFT's at banks where the judgment debtors do not maintain accounts.   Alternatively, the Plaintiff

can and should pursue the alleged defendants in their countries of registration, operation and domicile.

### <u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, it is respectfully requested that this Court grant defendant Sunway-Group Co. Ltd's motion to vacate the order of attachment, release its attached funds and dismiss the Verified Complaint in this action.

Dated:  May 2, 2008
       New York, NY

                               Respectfully submitted,

                               Patrick C. Crilley (PC 9057)
                               Of Counsel to
                               Richard A. Zimmerman (RZ 0963)
                               Attorney for Defendant
                               Sunway-Group Co. Ltd.
                               233 Broadway – Suite 2202
                               New York, NY 10279
                               (212) 619-1919

To:    Charles E. Murphy, Esq.
       Nancy R. Peterson, Esq.
       Anne C. LeVasseur
       LENNON, MURPHY & LENNON, LLC
       The Graybar Building
       420 Lexington Avenue, Suite 300
       New York, NY 10170
       (212) 490-6050