UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PINK GOOSE (CAYMAN) LTD,  :
 :
                 Plaintiff,  :        08cv2351(HB)
 :        <u>OPINION & ORDER</u>
   -against-  :
 :
SUNWAY TRADERS LLC, SUNWAY GROUP, :
SUNWAY TRADING GROUP LTD., :
SUNWAY GROUP INTERNATIONAL :
HOLDINGS, SUNWAY GROUP IMPORT, :
SUNWAY LOGISTICS, and LINTON :
EQUITIES B.V.I., :
                 Defendants.  :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge:[1]**

    Plaintiff, Pink Goose (Cayman) Ltd, secured a Rule B attachment from this Court on March 14, 2008, in the amount of $988,606.86 against Defendants Sunway Traders LLC, a Delaware corporation (hereinafter "Sunway Traders") and the remaining related Defendants, all foreign corporations or other business entities (hereinafter "Sunway Defendants"). Plaintiff also requested this Court to confirm its London arbitral award against Sunway Traders, or alternately, to retain jurisdiction to enforce any foreign judgment or award associated with the claims currently pending, which may be initiated in the future. For the reasons below, the motion to vacate the attachment is denied.

## I. BACKGROUND

    For purposes of the motion to vacate the Rule B maritime attachment, the facts are undisputed. On July 4, 2001, Plaintiff chartered a ship, the Arctic Goose, to a company called Sunway Traders, for carriage of bananas to Russia. (Compl. ¶ 5.) Sunway Traders did not pay Plaintiff the vessel demurrage and detention fee required under the charter party agreement. <u>Id.</u> Pursuant to the agreement, Plaintiff thereafter commenced London arbitration against Sunway Traders and another party who was a consignee under bills of lading. (Compl. ¶ 6.) Sunway Traders appeared and defended in the proceeding. (Compl. Ex. 1.) On August 7, 2002 Plaintiff

---

[1] I would like to thank Laura Asserfea, my Summer 2008 intern of Brooklyn Law School, for her invaluable help in researching and drafting this opinion.

1

won an arbitration award for $78,494.79 for demurrage and $572,250.00 for detention plus costs and fees against Sunway Traders. (Compl. ¶ 6.)

Plaintiff claims that Sunway Traders thwarted collection of the award by use of various aliases to conduct business, including a company named Sunway Group. (Compl. ¶ 7.) Sunway Traders LLC is a Delaware corporation. (Compl. ¶ 4.) Sunway Group is a Russian corporation. (Compl. ¶ 3.) However, Plaintiff alleges that Defendant Sunway Group and Sunway Traders are alter egos and that Sunway Traders is merely a shell corporation that Sunway Group used to conduct its banana importation business. (Compl. ¶¶ 10, 11.)

Both corporations were located at the same address in St. Petersburg, Russia. (Compl. ¶ 13.) Defendants' website set forth that their banana business predated the formation of Sunway Group and that this banana business existed when Sunway Traders were the only "Sunway" branded entity carrying on this business in Russia. (Compl. ¶ 18.) Both corporations are controlled by common directors and officers, such as Shalmi Benjaminov, who is the president and majority shareholder of Sunway Traders and is also president and CEO of Sunway Group. (Compl. ¶¶ 20-21.) Plaintiff alleges that the corporations are a single economic unit because Sunway Group controls and operates Sunway Traders and Sunway Group assumed Sunway Traders' assets and liabilities. (Compl. ¶¶ 15, 17.) Plaintiff also alleges that Sunway Traders and/or the individual companies within the Sunway Group are under-capitalized. (Compl. ¶ 19.)

After securing the arbitral award in London, Sunway Traders, the Delaware entity, disappeared, refused to satisfy the award, and dissolved in 2003 before confirmation. (Hrg Tr. 7:25-8:15, 9:6-25.) The award could not be confirmed in England unless the entity against whom the award was initially granted was in legal existence. (Hrg. Tr. 8.) On June 4th, the parties appeared before me for oral argument. Subsequent to oral argument, Plaintiff successfully reinstated the entity Sunway Traders in Delaware in order to be able to confirm the Plaintiff's award in England. Plaintiff confirmed the award on August 4, 2008.

## II. DISCUSSION

Defendants moved to vacate the attachment arguing that the London arbitration award was time-barred for confirmation in the United States and that security in aid of obtaining a judgment on an arbitration award, is not a valid prima facie claim in admiralty under British law, the law of the charter. Defendant argues that Rule B is not an appropriate device to collect on awards when collection efforts fail. Stolt-Nielsen, 2008 U.S. Dist. LEXIS 19787 (S.D.N.Y. Mar.

7, 2008).  Defendant also argues that alter ego theory of liability could not constitute a valid prima facie admiralty claim.

It is settled law in this Circuit that an attachment sought to secure an ultimate judgment confirming the award is a valid prima facie claim in admiralty.  Victrix S.S. Co. S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987); Good Challenger Navagante S.A. v. Metalexmportimport, 06cv1847 (KMK), Slip Op. (S.D.N.Y. Jul. 17, 2006) (maintaining attachment to enforce 1993 English judgment from a 1983 arbitration award).  When a party's primary interest in seeking the attachment is obtaining security to satisfy a judgment, rather than simply to obtain *in personam* jurisdiction, the claim is not premature and the requirements of Rule B(1) are satisfied.  Staronset Shipping Ltd. v. North Star Nav. Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987); see also Flame Maritime Ltd v. Hassan Ali Rice Export Co., 07cv4426, 2007 U.S. Dist LEXIS 64470 (S.D.N.Y. Sept. 3, 2007) (enforcement of a time-barred arbitration award abroad is a valid prima facie claim here since collection abroad is foreclosed).

Further, alter-ego theories of liability are prima facie admiralty claims so long as the underlying claim arose in admiralty.  See Wajilam Exports Singapore Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275 (S.D.N.Y. 2006);[2] MTC Levant v. Pan-Pacific, et al., 06cv3506, Slip Op., (S.D.N.Y. Jan. 15, 2008); Flora Maritime Ltd. v. Inter Eltra Int'l GmbH, 06cv6372 (RMB), Slip Op. (S.D.N.Y. Jun. 21, 2007); see also Tide Line, Inc. v. Eastrade Commodities, 2006 U.S. Dist. LEXIS 95870 (S.D.N.Y. 2006); Route Holding Inc. v. Int'l Oil Overseas Inc., 06cv3428, Hearing Transcript, (S.D.N.Y. Sept. 29, 2006).  Again, the underlying claims of demurrage and detention are classic maritime claims and because Sunway Group has sufficiently alleged either the alter ego or successor-in-interest of Sunway Traders, these allegations are valid admiralty claims.

Moreover, if a claim is maritime in flavor and sufficient so as to place the case within the admiralty jurisdiction of a District Court, that court may entertain an issue of fraud, mistake, or other equitable claim, where either was alleged as affecting the rights of parties to a maritime action.  Martran S.S. Co. v. Aegean Tankers, Ltd., 170 F. Supp. 477 (S.D.N.Y. 1959); see also National Ability S.A. v. Tinna Oils and Chemicals, Ltd., 07cv9913 (AKH), Slip Op. (S.D.N.Y. Oct. 7, 2008) (maintaining attachment in aid of securing judgment to confirm London arbitral

---

[2] In Wajilam, Judge Lynch upheld an attachment on a theory of veil-piercing because the Plaintiff's complaint alleged sufficient facts to show that the Defendant had routinely disregarded the corporate form of the original charterer and its alleged alter ego.  Wajilam, 475 F. Supp. 2d at 285.

3

award where Defendant used various alter ego company to frustrate payment). Thus, Plaintiff's claims against Defendants are valid prima facie claims and the attachment is upheld.

### III. CONCLUSION

For the foregoing reasons, the motion to vacate the attachment is denied and the attachment is affirmed. The Clerk of the Court is instructed to close this motion.

**SO ORDERED**
**New York, New York**
**October 17, 2008**

_____
U.S.D.J.